UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22636-CIV-ALTONAGA

**IBZAN MADERA**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** came before the Court on *pro se* Petitioner, Ibzan Madera's [Amended] Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus By a Person in State Custody [ECF No. 5]. Petitioner challenges the constitutionality of his state conviction and sentence in case number F21-017511, in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. (*See id.* 1; Resp. [ECF No. 10]).[1] Respondent contends the Petition is untimely and that Petitioner's claims have not been properly exhausted. (*See generally* Mot. for Clarification . . . ("Mot.") [ECF No. 8]; Reply [ECF No. 11]).

The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is dismissed as untimely.

**I. BACKGROUND**

On November 17, 2023, a jury found Petitioner guilty of trafficking amphetamine, in violation of section 893.135(1)(F)1B, Florida Statutes. (*See* Mot., Ex. 2, J. [ECF No. 8-2] 18).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

That same day, Petitioner pleaded guilty to one count of trafficking in cocaine, in violation of section 893.135(1)(B)1A, Florida Statutes. (*See id.* 10). The court sentenced Petitioner to seven years' imprisonment for these crimes, followed by a five-year term of probation. (*See id.* 13). Petitioner did not pursue a direct appeal of his conviction or sentence, nor did he seek postconviction relief or collateral review in state court. (*See generally State v. Madera*, No. F21-017511, Dkt. (Fla. 11th Cir. Ct. 2023)).[2]

Petitioner filed his Initial Petition on June 2, 2025.[3] (*See generally* Initial Pet. [ECF No. 1]). In its June 12, 2025 Order, the Court dismissed the Petition for Petitioner's failure to pay the filing fee or file a motion to proceed *in forma pauperis*. (*See generally* June 12, 2025 Order [ECF No. 3]). Petitioner thereafter paid the $5.00 filing fee (*see* Clerk's Not. of Receipt [ECF No. 4]) and filed his Amended Petition on July 8, 2025 (*see* Am. Pet. 15).

On July 21, 2025, Respondent filed a Motion for Clarification asking whether a merits response was required and contending that the Amended Petition was subject to dismissal as untimely and for Petitioner's failure to exhaust state remedies. (*See generally* Mot.). Granting the Motion in part, the Court ordered Petitioner to explain why his Petition should not be dismissed

---

[2] The Court properly takes judicial notice of Petitioner's state court criminal docket. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) (finding the district court could properly notice the state court docket sheet in petitioner's criminal cases); *cf. McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (affirming a district court taking judicial notice of underlying criminal cases on a motion to dismiss).

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted). Although Petitioner's Amended Petition is the operative pleading in this case, the Court deems his habeas application to have been filed on June 2, 2025 — the date he signed his Initial Petition. (*See* Initial Pet. 4).

and directed Respondent to file a reply. (*See* July 21, 2025 Order [ECF No. 9] 1). The parties complied (*see generally* Resp.;[4] Reply), and this Order follows.

## II. LEGAL STANDARDS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs the Court's review of federal habeas petitions. *See Sears v. Warden GDCP*, 73 F.4th 1269, 1279 (11th Cir. 2023). Under 28 U.S.C. section 2254, a person in state custody may petition for federal habeas relief is available if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Brumfield v. Cain*, 576 U.S. 305, 311 (2015) (quoting 28 U.S.C. §§ 2254(d)(1)–(2)).

The AEDPA imposes "[a] 1–year period of limitation . . . [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (alterations added). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Petitioner submitted two additional responses [ECF Nos. 12, 14], which are substantively identical to his initial Response [ECF No. 10].

3

*Id.* The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending[.] *Id.* § 2244(d)(2) (alterations added). In other words, the one-year clock continues to run when there is a gap in the state post-conviction review process. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (citation omitted).

### III. DISCUSSION

Respondent argues the Petition is untimely. (*See* Mot. 2–3). In the alternative, Respondent asserts that Petitioner failed to exhaust his state court remedies. (*See id.* 4). After considering the record, the Court agrees the Petition is untimely and thus declines to address Respondent's exhaustion argument. The Court explains.

***Timeliness***. "Where a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires." *Davis v. Sec'y, Dep't of Corr.*, No. 21-10171, 2021 WL 1567343, at *1 (11th Cir. Apr. 21, 2021) (citing *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000)); *see also* 28 U.S.C. § 2244(d)(1)(A) (providing the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Under Florida law, a criminal defendant must file a notice of appeal within 30 days of the entry of judgment. *See* Fla. R. App. P. 9.140(b)(3). The one-year limitations period is tolled while a properly filed application for state postconviction relief is pending. *See* 28 U.S.C. § 2244(d)(2).

Here, the state court entered judgment against Petitioner on November 17, 2023, and Petitioner never timely appealed. (*See generally Madera*, F21-017511, Dkt.). Thus, his conviction became final when the time to file a direct appeal expired, which was **December 18, 2023**,[5] and

---

[5] Thirty days following entry of judgment was December 17, 2023, which fell on a Sunday. Petitioner thus had until Monday, December 18, 2023, to file his direct appeal to Florida's Third District Court of Appeal. *See* Fla. R. App. P. 9.420(e) (providing "[c]omputation of time is governed by Florida Rule of General Practice and Judicial Administration 2.514" (alteration added)); Fla. R. Gen. Prac. & Jud. Admin.

4

his one-year limitations period began to run the following day. *See, e.g.*, *Hardin v. Sec'y, Dep't of Corr.*, No. 17-cv-281, 2018 WL 4518986, at *3 (N.D. Fla. July 9, 2018) (determining petitioner's conviction became final 30 days after entry of state court judgment where petitioner never appealed, and his "AEDPA limitations period began the following day" (footnote call number omitted; citations omitted)), *report and recommendation adopted*, 2018 WL 4518328 (N.D. Fla. Sept. 20, 2018).

Petitioner never filed an application for state postconviction relief or collateral review of his conviction and sentence. Accordingly, his AEDPA limitations period expired on **December 19, 2024** — one year after his conviction became final. *See, e.g.*, *Tillman v. Sec'y, Dep't of Corr.*, No. 23-cv-1133, 2024 WL 1555369, at *1 (M.D. Fla. Apr. 10, 2024) (determining petitioner's one-year limitations period expired 365 days after finality of judgment where petitioner never properly filed an application for state postconviction relief).

Since Petitioner filed his Initial Petition on June 2, 2025 — nearly six months *after* his AEDPA limitations period expired — his Petition is untimely unless he can satisfy an exception. In his Response, Petitioner argues he is actually innocent of the underlying offense. (*See* Resp. 1–2). "To invoke the [actual innocence] exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (alterations added; quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "An actual-innocence claim must be supported 'with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy

---

2.514(a)(3)(C) (stating "if the period would end on a Saturday, Sunday, or legal holiday, . . . the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday and does not fall within any period of time extended through an order of the chief justice" (alteration added)).

5

eyewitness accounts, or critical physical evidence — that was not presented at trial.'" *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530–31 (11th Cir. 2009) (quoting *Schlup*, 513 U.S. at 324).

According to Respondent, Petitioner "has not identified any new evidence in light of which no reasonable juror would convict him." (Reply 3). The Court agrees. Petitioner states that he was the victim of trickery and deceit by state prosecutors, who allegedly mishandled and destroyed evidence and improperly influenced witness testimony. (*See* Resp. 2–3). But Petitioner fails to present *any* evidence that raises "sufficient doubt about [his] guilt to undermine confidence in the result of the trial[.]" *Schlup*, 513 U.S. at 317 (alterations added); (*see generally* Am. Pet.; Resp.).

Nor does Petitioner give any explanation for his asertion that he "could not have found out these facts before the expiration of [the] one year [limitations period][.]" (Resp. 4 (alterations added)). Petitioner has thus failed to show that a fundamental miscarriage of justice will result if the Court does not reach the merits of his Amended Petition. *See Hunter v. Jones*, No. 16-61699-Civ, 2018 WL 10605536, at *4 (S.D. Fla. Nov. 29, 2018) (citations omitted).

Petitioner also has not established any entitlement to equitable tolling. "A federal habeas petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing' of his federal habeas petition." *Morrison v. Crews*, No. 14-cv-20, 2014 WL 6633549, at *5 (N.D. Fla. Nov. 24, 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010); other citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citation omitted).

As the Court perceives it, Petitioner vaguely invokes the equitable tolling doctrine when he complains that state prosecutors supposedly "deprived [him] of filing any type of appeal." (Am.

Pet. 7 (alteration added); *see also* Resp. 6). Not only is this allegation entirely unsupported by specific facts, but Petitioner fails to show how circumstances beyond his control prevented him from filing his Petition before the limitations period expired. *See Morrison*, 2014 WL 6633549, at *5 (recognizing a petitioner arguing for equitable tolling "must allege more than conclusory allegations . . . and must 'show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition'" (alteration added; quoting *San Martin*, 633 F.3d at 1267); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (noting that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence" (alteration added; citations omitted)). Accordingly, the Amended Petition is dismissed as time barred.

***Evidentiary Hearing***. In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (citation omitted). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added). Here, the pertinent facts are fully developed, and they establish that habeas relief is precluded. Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" Petitioner is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alterations added).

***Certificate of Appealability***. A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180,

183 (2009). A certificate of appealability shall issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists" would find the correctness of the district court's rulings "debatable[.]" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (alteration added). Upon consideration of the record, the Court finds no basis on which to issue a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Petitioner, Ibzan Madera's [Amended] Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus By a Person in State Custody **[ECF No. 5]** is **DISMISSED** as untimely.

2. A certificate of appealability is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED** as moot. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2025.

*Cecilia M. Altonaga*
_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Petitioner, *pro se*